IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONNA COX; and CONCERNED CITIZENS FOR A SAFE COMMUNITY, | ) ) ) | CV. NO. 09-01409 DAE |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICE OF FEDERAL DETENTION TRUSTEE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING IN PART DEFENDANT'S CROSS-MOTION FOR
SUMMARY JUDGMENT; (2) DENYING AS MOOT PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT; AND (3) DISMISSING WITHOUT
PREJUDICE THE AMENDED COMPLAINT

On November 23, 2010, the Court heard Plaintiffs' Motion for

Summary Judgment and Defendant's Cross-Motion for Summary Judgment.

Nancy Theresa Lord, Esq., appeared at the hearing on behalf of Plaintiffs Donna

Cox and Concerned Citizens for a Safe Community (collectively, "Plaintiffs");

Joanna K. Brinkman, Esq., and Patrick Rose, Esq., appeared at the hearing on

behalf of Defendant Office of Federal Detention Trustee ("Defendant").  After

reviewing the motions and the supporting and opposing memoranda, the Court

GRANTS IN PART Defendant's Cross-Motion for Summary Judgment (Doc.

# 91) and DENIES AS MOOT Plaintiffs' Motion for Summary Judgment (Doc.

# 88).  The Amended Complaint is DISMISSED WITHOUT PREJUDICE.

<u>BACKGROUND</u>

This matter arises from a proposal to build a privately operated

detention center in Pahrump, Nevada, which would house federal prisoners.[1]

Plaintiffs Donna Cox ("Cox") and Concerned Citizens for a Safe Community

("Concerned Citizens") (collectively, "Plaintiffs") filed a Complaint on August 3,

2009, seeking to enjoin Defendants Office of Federal Detention Trustee

---

[1]  On December 15, 2008, Plaintiffs filed a complaint in a related case
against Nye County, Board of Nye County Commissioners, and Corrections
Corporation of America ("CCA").  (CV 08-01763, Doc. #1.)  As in the instant
case, the related case concerned the proposed construction of the detention center
in Pahrump, Nevada.  Shortly after the complaint was filed, Nye County and Board
of Nye County Commissioners filed a motion for summary judgment, and CCA
filed a motion to dismiss, which were both granted on September 30, 2009.  (CV
08-01763, Doc. # 81.)  On October 26, 2009, judgment was entered in the related
case for Nye County, Board of Nye County Commissioners, and CCA and against
Plaintiffs.  (CV 08-01763, Doc. # 89.)  Plaintiffs sought to file an amended
complaint in the related case, but that motion was denied on March 29, 2010.  (CV
08-01763, Doc. # 97.)  The amended complaint would have added as defendants
the defendants herein—Office of Federal Detention Trustees and PAVED,
Inc.—and would have asserted against them essentially the same claims as asserted
in the instant action.  (<u>Id.</u>)  The related case has since been closed.

("Defendant") and PAVED, Inc. ("PAVED") from building the detention center and/or placing inmates in the facility.[2]  (Doc. # 1.)  On March 20, 2010, Plaintiffs filed an Amended Complaint.[3]  ("Am. Compl.," Doc. # 58.)

The Amended Complaint presents two causes of action.  Count I alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.  (Am. Compl. ¶¶ 61–83.)  In particular, Plaintiffs allege that the public was not adequately notified of the proposal, that there will not be adequate water or sewage facilities for the project, and that the Environmental Impact Statement ("EIS") failed to adequately analyze the impact of the development on various animal and plant species.  (Id.)  Count II alleges that Defendant violated NEPA because the final EIS failed to adequately analyze the impact that the excess sewage at Waste Water Treatment Plant 3 would have on several animal species as well as humans who could potentially be exposed to coliform bacteria.  (Id. ¶¶ 84–91.)

---

[2] Defendant PAVED was dismissed with prejudice from the action on November 9, 2009.  (Doc. # 20.)

[3] Plaintiffs erroneously included claims against PAVED in their Amended Complaint.  On March 15, 2010, this Court issued an order striking any reference to PAVED as a defendant in the Amended Complaint.  (Doc. # 57.)

Plaintiffs seek a declaratory judgment that the contract between Defendant and CCA is "null and void ab initio" as well as a permanent injunction to enjoin Defendant from making payments to CCA and from transferring inmates to the facility.  (Id. at 30–31.)  Plaintiffs also request a permanent injunction to enjoin Defendant from performing on the development agreement signed by the Board of County Commissioners and to enjoin Defendant, through "its agent" CCA, from sending sewage to Waste Water Treatment Plant 3.[4]  (Id.)

On August 2, 2010, Plaintiffs filed a Motion for Summary Judgment ("Motion") as to all counts.  ("Mot.," Doc. # 88.)  On September 3, 2010, Defendant filed an Opposition to the Motion ("Opp'n to Mot.," Doc. # 90) as well as a Cross-Motion for Summary Judgment ("Cross Motion") ("Cross Mot.," Doc. # 91).  On September 20, 2010, Plaintiffs filed a Reply ("Mot. Reply," Doc. # 94) as

---

[4]  Defendant asserts that because it is not a party to the Development Agreement with the Board of County Commissioners, Plaintiffs cannot enjoin action under that agreement in this case.  (Cross Mot. at 28.)  Defendant also claims that CCA is not its agent and as such Plaintiffs cannot obtain an injunction preventing CCA from sending sewage to Wastewater Treatment Plant 3.  (Id.) Because Plaintiffs' lack of standing is dispositive of the Motion and Cross Motion, the Court declines to reach these arguments.

well as an Opposition to the Cross Motion ("Opp'n to Cross Mot.," Doc. # 95).[5]

On October 1, 2010, Defendant filed a Reply.  ("Cross Mot. Reply," Doc. # 96.)

<u>STANDARD OF REVIEW</u>

Rule 56 requires summary judgment to be granted when "the

pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Porter v. Cal. Dep't</u>

<u>of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d

1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of

factually unsupported claims and defenses.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

323–24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  <u>See</u> <u>id.</u> at

323.  A moving party without the ultimate burden of persuasion at trial—usually,

but not always, the defendant—has both the initial burden of production and the

ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire &</u>

---

[5] Defendant's Opposition to the Motion is identical to its Cross Motion for Summary Judgment.  Plaintiffs' Opposition to the Cross Motion and Reply in support of the Motion are identical as well.

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden

initially falls upon the moving party to identify for the court those "portions of the

materials on file that it believes demonstrate the absence of any genuine issue of

material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

        Once the moving party has carried its burden under Rule 56, the

nonmoving party "must set forth specific facts showing that there is a genuine

issue for trial" and may not rely on the mere allegations in the pleadings.  Porter,

419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its

burden on a summary judgment motion by making general references to evidence

without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary

judgment, the court shall have no independent duty to search and consider any part

of the court record not otherwise referenced in the separate concise statements of

the parties.").  "[A]t least some 'significant probative evidence'" must be

produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v.

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence

that is merely colorable or not significantly probative does not present a genuine

issue of material fact." <u>Addisu</u>, 198 F.3d at 1134.  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002) (citing <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 (9th Cir. 1996).  "Conclusory allegations unsupported by factual data cannot defeat summary judgment." <u>Rivera v. Nat'l R.R. Passenger Corp.</u>, 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. <u>Porter</u>, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. <u>Id.</u>; <u>see also</u> <u>Nelson v. City of Davis</u>, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted).  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts

that the judge is required to resolve in favor of the nonmoving party.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

DISCUSSION

For the reasons set forth below, the Court concludes that neither Donna Cox nor Concerned Citizens have standing to bring this suit in federal court.  Without standing, this Court does not have subject matter jurisdiction and therefore cannot evaluate the merits of Plaintiffs' alleged NEPA violations.

I.     <u>Standing</u>

"The doctrine of standing . . . requires federal courts to satisfy themselves that 'the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction.'"  <u>Summers v. Earth Island Inst.</u>, 129 S. Ct. 1142, 1149 (2009) (citations omitted).  Whether a plaintiff has standing to bring a suit in federal court is a threshold issue.  First and foremost, a party must meet the standing requirements of Article III of the U.S. Constitution.

To establish Article III's case or controversy requirement, a plaintiff must show that:

> (1) it has suffered 'an injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); see also Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007).  If a plaintiff fails to demonstrate a case or controversy, then a federal court lacks subject matter jurisdiction over the suit.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

In addition to the constitutional standing requirements, the plaintiff must also demonstrate that the nonconstitutional, or prudential, standing requirements are satisfied.  See Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n, 457 F.3d 941, 950 (9th Cir. 2006).  Where a plaintiff seeks to recover under a federal statute, "[t]he prudential standing analysis examines whether 'a particular plaintiff has been granted a right to sue by the statute under which he or she brings suit.'"  Ashley Creek Phosphate Co. v. Norton, 420 F.3d 934, 939 (9th Cir. 2005) (quoting City of Sausalito v. O'Neill, 386 F.3d 1186, 1199 (9th Cir. 2004)).  "Although NEPA does not provide a private right of action for violations

of its provisions, private parties may enforce the requirements of NEPA by bringing an action against the federal agency under § 10(a) of the Administrative Procedure Act."  Cantrell v. City of Long Beach, 241 F.3d 674, 679 n.2 (9th Cir. 2001); see also Ashley Creek, 420 F.3d at 939.  To maintain a statutory enforcement action under the APA, a plaintiff must demonstrate "(1) that there has been final agency action adversely affecting the plaintiff, and (2) that, as a result, it suffers legal wrong or that its injury falls within the zone of interests of the statutory provision the plaintiff claims was violated."  Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961, 976 (9th Cir. 2003) (citations and quotations omitted).  "It is well settled that the zone of interests protected by NEPA is environmental."  Nuclear Info. & Res. Serv., 457 F.3d at 950 (citing Ashley Creek, 420 F.3d at 940).

Plaintiffs bear the burden of establishing standing for each type of relief sought.  Summers, 129 S. Ct. at 1148.  Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."  Defenders of Wildlife, 504 U.S. at 561.  "In response to a summary judgment motion . . . the plaintiff can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific

facts,' Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true." Id. (citation omitted); see also Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1352 n.11 (9th Cir. 1994) ("To survive a motion for summary judgment that challenges a claimant's standing, the claimant must demonstrate specific facts, through affidavit or other competent evidence, in support of his or her standing to bring the lawsuit."); W. Land Exch. Project v. U.S. Bureau of Land Mgmt., 315 F. Supp. 2d 1068, 1076 (D. Nev. 2004) ("[C]onclusory allegations in a complaint or other pleading are insufficient to establish standing on summary judgment.").

A.      Injury in Fact

Defendant argues that the vague allegations contained in Plaintiffs' Amended Complaint and briefing are insufficient to support an injury in fact that is "concrete and not merely speculative."[6] (Cross Mot. at 15.) To establish a cognizable injury in fact, a plaintiff asserting a procedural injury under NEPA must "allege (and on summary judgment adduce sufficient facts to show) that (1) the

---

[6] In their Amended Complaint and briefing, Plaintiffs provide generalized argument meant to address the standing of both Cox and Concerned Citizens. Because Plaintiffs converge their discussion of standing with regard to the two plaintiffs, the Court will address them together inasmuch as is required to meaningfully respond to their arguments.

[defendant] violated certain procedural rules[7]; (2) these rules protect [the plaintiffs'] concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests."  Citizens for Better Forestry, 341 F.3d at 969–70.

   "A free-floating assertion of a procedural violation, without a concrete link to the interest protected by the procedural rules, does not constitute an injury in fact."  Ashley Creek, 420 F.3d at 938 (citing Defenders of Wildlife, 504 U.S. at 572–73 & nn.7–8).  The "concrete interest" test requires a "geographic nexus" between the plaintiff and the location where the environmental impact will occur.  Cantrell, 241 F.3d at 679.  In other words, the plaintiff must show that it will suffer harm "by virtue of their geographic proximity to and use of areas that will be affected" by the challenged action.  Citizens for Better Forestry, 341 F.3d at 971; see also Laidlaw, 528 U.S. at 183 ("[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for

---

  [7] Because this inquiry is closely intertwined with the merits of Plaintiffs' alleged NEPA violations, which the Court cannot examine unless Plaintiffs have standing, the Court will begin by analyzing whether Plaintiffs have satisfied the "concrete interest" test.  See Ashley Creek, 420 F.3d at 938 n.2 (beginning its inquiry with the "concrete interest" test because whether the agency committed NEPA violations overlapped with the merits of the lawsuit).

whom the aesthetic and recreational values of the area will be lessened' by the
challenged activity.") (quoting Sierra Club v. Morton, 405 U.S. 727, 735 (1972)).

  In the instant case, Plaintiffs do not provide a single declaration,
affidavit, or other piece of evidence to support their assertion that they have
suffered harm by virtue of the alleged NEPA violations.  In their Motion, Plaintiffs
merely state the following, which reiterates verbatim paragraphs 3–6 of the
Amended Complaint:

> CONCERNED CITIZENS FOR A SAFE COMMUNITY is an
> Association of citizens of Pahrump, Nevada, located in Nye County,
> Nevada.  DONNA COX is an individual and citizen who lives and/or
> works in Pahrump, Nevada, located in Nye County, Nevada.  Plaintiff
> Association described above consists of a board of individuals who
> live and/or work in Pahrump, Nevada.  Plaintiffs are in the realm of
> the site of the proposed CCA facility built in accordance with a
> contract with Defendant OFFICE OF THE FEDERAL DETENTION
> TRUSTEE.  Plaintiffs use nearby national forests for a variety of
> purposes, including, but not limited to, hiking, backpacking,
> photography, scientific study, wildlife observation, hunting and
> fishing.  They intend to continue to do so on an ongoing basis in the
> future.  Plaintiffs derive recreational, spiritual, professional, aesthetic,
> educational and other benefits and enjoyment from these activities.
> Moreover, Plaintiffs live in Pahrump, Nevada and seek to enjoy the
> benefits of continued bright stars at night against dark desert skies in a
> peaceful and safe rural community.

(Mot. at 15; Am. Compl. ¶¶ 3–6.)  In their Reply, Plaintiffs further provide:

> As a 10 year resident of Pahrump who has owned property in the past,
> intends to remain in Pahrump, and has and plans to continue to visit
> and enjoy the scenery, including the possibility of observing a tortoise

13

or two in its habitat in the vicinity of the proposed site, Donna Cox, CCSC through the rights of its individual members and all residents of Pahrump, both have standing to show that her [sic] threatened injury falls within the zone of interests that NEPA protects.

(Mot. Reply at 3 (footnote omitted).)  Aside from the fact that Plaintiffs utterly failed to provide evidence supporting these assertions, which is required on a motion for summary judgment, these allegations are simply insufficient to prove that Plaintiffs have suffered an injury in fact.

Plaintiffs contend that <u>Cantrell v. City of Long Beach</u> supports their position that there is standing in the instant case.  (<u>See</u> Mot. at 17–18.)  In <u>Cantrell</u>, the plaintiffs were birdwatchers who brought an action under NEPA challenging the adequacy of a final EIS in connection with a naval base closure.  <u>Cantrell</u>, 241 F.3d at 677.  After the trial court granted the defendant's motion to dismiss for lack of standing without leave to amend, <u>id.</u>, the Ninth Circuit reversed on appeal and held that the plaintiffs had established "a concrete interest in viewing the birds and the natural environment at the Naval Station," <u>id.</u> at 680.  In reaching this determination, the Ninth Circuit relied upon allegations in the complaint and declarations submitted in opposition to the motion to dismiss, which established that each of the plaintiffs conducted regular visits to observe the bird habitats at the Naval Station, continued to observe the birds from areas outside and adjacent to the

14

Naval Station after it was closed to the public, and had specific plans to visit the areas around the station in the future.  Id.  Together, this was sufficient for the Ninth Circuit to conclude that "the removal of the trees and the shallow water habitat at the Naval Station would directly and concretely affect the birdwatchers' recreational and aesthetic interests."  Id.

The instant case is distinguishable at the outset because Defendant here challenged Plaintiffs' lack of standing in a motion for summary judgment rather than in a motion to dismiss.  Furthermore, unlike Cantrell, Plaintiffs here did not submit any evidence to support their claimed concrete interest, and Plaintiffs' factual allegations provide much less detail than those in Cantrell.  Whereas in Cantrell, the plaintiffs describe with specificity their trips to the site in question and their future plans to return to the area, Plaintiffs here merely provide a laundry list of activities that they conduct in the national forests near the site of the federal detention center along with a promise that they intend to continue using these forests "on an ongoing basis in the future."  (Mot. at 15; Am. Compl. ¶ 6.) Moreover, the plaintiffs in Cantrell were birdwatching at the actual affected site

and Plaintiffs here conduct their activities in "nearby national forests."[8]  On these facts, Plaintiffs' reliance on Cantrell is misplaced.

The vagueness of Plaintiffs' allegations and their complete lack of evidentiary support rival the situation faced by the Supreme Court in Lujan v. National Wildlife Federation.  In that case, two affiants stated that they used unspecified portions of federal lands "in the vicinity of" the area that may have been affected by the challenged mining operations.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 886 (1990).  The Supreme Court found that "Rule 56(e) is assuredly not satisfied by averments which state only that one of respondent's members uses unspecified portions of an immense tract of territory on some portions of which mining activity has occurred or probably will occur by virtue of the governmental action."  Id. at 889.  Similarly, in Lujan v. Defenders of Wildlife, the Supreme Court stated that to survive a motion for summary judgment, the plaintiffs "had to submit affidavits or other evidence showing, through specific facts, not only that listed species were in fact being threatened by funded activities abroad, but also

---

[8] Some courts have found that it is not necessary for the plaintiff to use the affected site as long as the "geographical nexus" is still present.  See W. Land Exch. Project, 315 F. Supp. 2d at 1078–79.  Regardless, Plaintiffs still fail to produce sufficient facts or evidence to show that there is a "geographical nexus" between construction of the detention center and Plaintiffs' use of nearby national forests.

that one or more of respondents' members would thereby be directly affected apart from their special interest in th[e] subject." Defenders of Wildlife, 504 U.S. at 563 (citations and quotations omitted).  The Supreme Court then found that affiants' vague "some day" intentions, without any description of concrete plans, to visit the areas affected by the challenged action were insufficient to bring suit under the Endangered Species Act.  Id. at 564; see also Summers, 129 S. Ct. at 1150–51 (holding that a vague intention to return to the National Forests in the future is insufficient to establish a concrete, particularized injury in fact).

In the face of this Supreme Court precedent, Plaintiffs' statements, unsupported by affidavits or other evidence, that they use unnamed national forests close to the site of the detention center and plan to continue this use on an ongoing basis are patently insufficient to establish an injury in fact.  Although Plaintiffs state in their Reply that the site of the detention center is less than one mile from the Toiyabe National Forest (see Mot. Reply at 3), Plaintiffs still fail to specify what portion of this national forest they use for their activities, what specific plans they have to return to the national forest, and how the detention center will adversely affect their use of the national forest.

17

With regard to Cox,[9] that she has visited and plans to continue to visit an unspecified area in the vicinity of the detention center is vague and insufficient to establish concrete injury in fact.  Being a ten-year resident of Pahrump and owning property there in the past also does not mean that she has necessarily suffered harm from the challenged action.  See Laidlaw, 528 U.S. at 204 ("[A] 'generalized grievance' that affects the entire citizenry cannot satisfy the injury-in-fact requirement even though it aggrieves the plaintiff along with everyone else.") Cox must set forth specific facts and evidence depicting how she personally has been harmed.  She has failed to do so and therefore has not established that she has suffered an injury in fact.[10]

Accordingly, the Court concludes that Plaintiffs have not shown injury in fact for purposes of Article III standing.

B.    Causation and Redressability

Plaintiffs assert that "[o]nce a plaintiff has established injury in fact under NEPA, the causation and redressability requirements are relaxed."  (Mot.

---

[9] Cox is the only individual who Plaintiffs identify by name.

[10] As to Concerned Citizens, Plaintiffs provide no allegations or other information to support a determination that the association itself has suffered an injury in fact.  Rather, Concerned Citizens appears to be bringing suit as an association on behalf of its members, which is discussed below.

Reply at 5.)  Although this is a correct statement of law, see Cantrell, 214 F.3d at 682, Plaintiffs are not entitled to the benefit of this relaxed standard because they have failed to establish that they have suffered an injury in fact.  Because an injury in fact is required for Plaintiffs to have standing to bring a suit in federal court, the Court need not, and does not, determine whether Plaintiffs have established causation and redressability.  See Ashley Creek, 420 F.3d at 937–39 (finding that because the plaintiff had not established injury in fact it did not have Article III standing).

     C.    Representative Standing

Defendant also challenges Concerned Citizens' standing to bring suit as an association on behalf of its members.  Even where an association has not suffered an injury to itself, it may have standing as the representative of its members.  Warth v. Seldin, 422 U.S. 490, 511 (1975).  An association establishes representative standing when:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977).

In the instant case, Plaintiffs provide no information about the individual members of Concerned Citizens other than to state that it "consists of a board of individuals who live and/or work in Pahrump, Nevada."[11]  (Compl. ¶ 5; Mot. at 15.)  In <u>Defenders of Wildlife</u>, the Supreme Court held that to survive a summary judgment motion for lack of standing, the environmental group plaintiff had to submit affidavits or other evidence of specific facts showing that "one or more" of its members would be directly affected by the challenged action. <u>Defenders of Wildlife</u>, 504 U.S. at 563; <u>see also</u> <u>Summers</u>, 129 S. Ct. at 1152 ("[T]he Court has required plaintiffs claiming an organizational standing to identify members who has suffered the requisite harm."); <u>Legal Aid Soc'y of Haw. v. Legal Servs. Corp.</u>, 145 F.3d 1017, 1031 (9th Cir. 2001) (finding that a plaintiff association must submit affidavits or other evidence showing through specific facts that one or more of their members would be directly affected to survive a summary judgment motion for lack of standing).  Here, Plaintiffs have not identified a single member of Concerned Citizens with the degree of specificity mandated by the

---

[11] In their Reply, Plaintiffs similarly state that Concerned Citizens is "composed of residents of the town that [are] to be adversely effected [sic] by the violations of NEPA and thus are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity."  (Mot. Reply at 6 (citation and quotations omitted).)  This vague and conclusory statement does not provide any additional detail as to who are the members of Concerned Citizens and whether they have standing to sue in their own right.

20

Supreme Court, and they do not even state whether Cox herself is a member of Concerned Citizens.  Without knowing who the members of Concerned Citizens are and what specific injuries they have suffered, the Court cannot conclude that they would have standing to sue in their own right.

Further, it is impossible to discern whether the interests that Concerned Citizens seeks to protect are germane to its purpose because Plaintiffs provide no facts or evidence describing its purpose.  The Court will not presume that this requirement is met solely because Concerned Citizens is a plaintiff in the instant lawsuit.  To the contrary, Plaintiffs must provide specific facts and evidence regarding the purpose of Concerned Citizens.

Finally, although the claims asserted by Plaintiffs arguably do not require the participation of its individual members in the lawsuit, see Alaska Fish & Wildlife Fed'n & Outdoor Council, Inc. v. Dunkle, 829 F.2d 933, 938 (9th Cir. 1987), this does not cure Plaintiffs' failure to establish the first and second requirements for representational standing.  Because these requirements are not met, Plaintiffs have not established that Concerned Citizens has standing to bring suit as an association on behalf of its members.

In sum, Plaintiffs have not set forth sufficient facts and evidence to establish that either Cox or Concerned Citizens have standing to bring the instant

lawsuit in federal court.  Accordingly, the Court GRANTS Defendant's Cross

Motion for Summary Judgment as to its assertion that Plaintiffs lack standing.

II.     <u>NEPA Violations</u>

        In Counts I and II of the Amended Complaint, Plaintiffs assert various

NEPA violations with regard to the Pahrump detention center.  Because of its

determination that Plaintiffs do not have standing, the Court does not have subject

matter jurisdiction to evaluate the merits of these alleged violations.  Accordingly,

the Court expresses no opinion as to the merit of these claims.

III.    <u>Leave to Amend</u>

        The Court recognizes that it may be possible for Plaintiffs to establish

standing if provided the opportunity to amend their Amended Complaint.

Accordingly, the Amended Complaint is DISMISSED WITHOUT PREJUDICE,

with leave to amend no later than 60 days from the filing of this Order.

<u>CONCLUSION</u>

        For the reasons stated above, the Court GRANTS IN PART

Defendant's Cross-Motion for Summary Judgment (Doc. # 91) and DENIES AS

MOOT Plaintiffs' Motion for Summary Judgment (Doc. # 88).  The Amended

Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2010.

_____

DAVID ALAN EZRA

UNITED STATES DISTRICT JUDGE

Cox v. Office of Federal Detention Trustee, Cv. No. 09-01409 DAE;  ORDER: (1)
GRANTING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT; (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT; AND (3)  DISMISSING WITHOUT PREJUDICE
THE AMENDED COMPLAINT