IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CONCERNED CITIZENS FOR A<br>SAFE COMMUNITY; DONNA<br>COX; ANTHONY COX; DAVID<br>CARROLL; and NANCY LORD, | )<br>)<br>)<br>)<br>) | CV. NO. 09-01409 DAE |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| OFFICE OF FEDERAL<br>DETENTION TRUSTEE, | )<br>)<br>) | |
| Defendant. | )<br>) | |
| _____ | ) | |

ORDER GRANTING OFDT'S MOTION TO STRIKE

Pursuant to Local Rule 78–2, the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendant Office of Federal Detention Trustee's ("OFDT") Motion to Strike.  (Doc. # 100.)

BACKGROUND

This matter arises from a proposal to build a privately operated detention center in Pahrump, Nevada to house federal prisoners.  Plaintiffs Donna Cox ("Cox") and Concerned Citizens for a Safe Community ("Concerned

Citizens") filed a Complaint on August 3, 2009, seeking to enjoin Defendant

Office of Federal Detention Trustee ("OFDT") from building the detention center

and/or placing inmates in the facility.[1]  (Doc. # 1.)  On March 20, 2010, with leave

of Court (Doc. # 57), Plaintiffs filed an Amended Complaint ("Am. Compl.," Doc.

# 58).

       The Amended Complaint presented two causes of action.  Count I

alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C.

§ 4321 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et

seq.  (Am. Compl. ¶¶ 61–83.)  In particular, Cox and Concerned Citizens alleged

that the public was not adequately notified of the proposal to build the detention

center, that there would not be adequate water or sewage facilities for the project,

and that the Environmental Impact Statement ("EIS") failed to adequately analyze

the impact of the development on various animal and plant species.  (Id.)  Count II

alleged that OFDT violated NEPA because the final EIS failed to adequately

analyze the impact that the excess sewage at Waste Water Treatment Plant 3 would

have on several animal species as well as humans who could potentially be

exposed to coliform bacteria.  (Id. ¶¶ 84–91.)

---

[1] The Complaint also named PAVED, Inc. ("PAVED") as a defendant in this action.  (Doc. # 1.)  PAVED was dismissed with prejudice on November 9, 2009. (Doc. # 20.)

In their Amended Complaint, Cox and Concerned Citizens sought a declaratory judgment that the contract between OFDT and Corrections Corporation of America ("CCA") was "null and void ab initio" as well as a permanent injunction to enjoin OFDT from making payments to CCA and from transferring inmates to the facility.  (Id. at 30–31.)  Cox and Concerned Citizens also requested a permanent injunction to enjoin OFDT from performing on the development agreement signed by the Board of County Commissioners and to enjoin OFDT, through "its agent" CCA, from sending sewage to Waste Water Treatment Plant 3. (Id.)

On August 2, 2010, Cox and Concerned Citizens filed a Motion for Summary Judgment.  (Doc. # 88.)  OFDT filed a Cross-Motion for Summary Judgment on September 3, 2010.  (Doc. # 91.)  On November 30, 2010, the Court dismissed without prejudice the Amended Complaint on the basis that neither Cox nor Concerned Citizens had set forth sufficient facts and evidence to establish standing to bring this action.  (Doc. # 97.)  The Court gave Cox and Concerned Citizens sixty days leave to file a Second Amended Complaint curing these pleading deficiencies.  (Id.)

On January 31, 2011, Cox and Concerned Citizens filed a Second Amended Complaint, adding as plaintiffs Anthony Cox, David Carroll, and Nancy

Lord (collectively, "Plaintiffs").[2]  (Doc. # 99.)  The Second Amended Complaint also added as defendants CCA and Utilities, Inc., and it included a new NEPA allegation as well as a new prayer for relief.  The new NEPA allegation asserts that the final EIS did not consider the consequences of installing sewage pipes in the ground (id. ¶ 106), and the new prayer for relief seeks removal of these sewage pipes (id. at 32–33).

On February 14, 2011, OFDT filed a Motion to Strike pursuant to Federal Rules of Civil Procedure ("Rule") 12(f).  ("Mot.," Doc. # 100.)  Plaintiffs filed an Opposition on February 24, 2011.  ("Opp'n," Doc. # 102.)  OFDT filed a Reply on March 7, 2011.  ("Reply," Doc. # 104.)

DISCUSSION

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3]  Fed. R. Civ. P. 12(f).  "'The function of a 12(f) motion to strike is to

---

[2]  Plaintiff Lord is also the Plaintiffs' attorney in this action.

[3]  Rule 12(f) provides, in its entirety, as follows:

(f)   **Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:

(1)   on its own; or

4

avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)).

      Here, OFDT contends that Plaintiffs' new NEPA allegation and new prayer for relief, regarding the installation of sewage pipes, should be stricken because they exceed the scope of the leave to amend granted by this Court. OFDT also asserts that Plaintiffs improperly added new defendants in the Second Amended Complaint.

      The Court's November 30, 2010 Order gave leave to amend for the limited purpose of curing the standing deficiencies.[4] (Doc. # 97.) Indeed, the

---

       (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

   [4] The November 30, 2010 Order stated:

The Court recognizes that it may be possible for Plaintiffs to establish standing if provided the opportunity to amend their Amended Complaint. Accordingly, the Amended Complaint is DISMISSED WITHOUT PREJUDICE, with leave to amend no later than 60 days from the filing of this Order.

5

Court's Order, which provided a detailed analysis of how to properly allege standing and specifically outlined the deficiencies in the Amended Complaint as to this issue, only addressed standing and expressly declined to evaluate the merits of Plaintiffs' substantive claims.

In contravention of this Court's Order, Plaintiffs' Second Amended Complaint adds a new NEPA claim, a new prayer for relief, and two new defendants. Plaintiffs implicitly concede that they exceeded the scope of the leave granted by the Court because they argue, in opposition to the Motion to Strike, that Rule 15(d) allows them to amend and supplement their pleadings. (Opp'n at 3–4.) However, despite the requirements of Rule 15(d), Plaintiffs have neither requested nor obtained leave from this Court to file an amended complaint in accordance with this provision. Moreover, because the deadline to amend the pleadings or join additional parties expired more than nine months before Plaintiffs filed the Second Amended Complaint, they must satisfy the good cause standard set forth in Rule 16(b). See Fed. R. Civ. P. 16(b); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294–95 (9th Cir. 2000). Plaintiffs therefore cannot utilize Rule 15(d) as a post hoc rationalization for their failure to comply with the Court's directive.

_____

(Doc. # 97 at 22.)

6

In sum, Plaintiffs improperly, and without leave of court, added new substantive claims, allegations, and defendants in their Second Amended Complaint.  Accordingly, the Court GRANTS the Motion to Strike (Doc. # 100) and STRIKES the new NEPA claim and the new prayer for relief, concerning the installation of sewage pipes, as well as any reference to either CCA or Utilities, Inc. as defendants in the Second Amended Complaint.  See Siskiyou Reg'l Educ. Project v. U.S. Forest Serv., 565 F.3d 545, 559–60 (9th Cir. 2009) (affirming a district court's decision to strike an intervenor's answer when the answer "exceeded the bounds" of the limited intervention granted).

CONCLUSION

For the reasons stated above, the Court GRANTS OFDT's Motion to Strike.  (Doc. # 100.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 19, 2011.

_____
David Alan Ezra
United States District Judge

Cox et al. v. Office of Federal Detention Trustee, Cv. No. 09-01409 DAE; ORDER GRANTING OFDT'S MOTION TO STRIKE

7